STATE OF NEW MEXICO
COUNTY OF GUADALUPE
FOURTH JUDICIAL DISTRICT COURT

ALONZO GLEASON and
FEDEX FREIGHT, INC. a foreign corporation
doing business in New Mexico,

   Plaintiffs,

vs.           No. D-424-CV-2012-24

VICTOR SAVINE, personally and as an agent and
Representative of Sparkling Snow, Inc., OLEH YURLYOVYCH
SICHKAR, personally and as an agent and Representative
of Sparkling Snow, Inc and SPARKLING SNOW, INC.,
a foreign corporation doing business in New Mexico,

   Defendants.

## SUMMONS
## THE STATE OF NEW MEXICO

TO:  SPARKLING SNOW, INC.
    c/o Michael P. Clemens
    Registered Agent for Sparkling Snow, Inc.
    4101 Indian School Road NE
    Suite 300
    Albuquerque, NM 87110

You are required to serve upon **FRAZIER LAW OFFICE** (William Frazier, Esq.) and **MILLER STRATVER, PA** (Timothy R. Briggs, Esq. and Matthew S. Rappaport, Esq.) an answer or motion in response to the complaint which is attached to this summons within thirty (30) days after service of this summons upon you, exclusive of the day of service, and file your answer or motion with the court as provided in Rule 1-005 NMRA. If you fail to file a timely answer or motion, default judgment may be entered against you for the relief demanded in the complaint.

Attorneys for plaintiffs:

William Frazier, Esq.
FRAZIER LAW OFFICE
Attorney for Plaintiff Alonzo Gleason
P.O. Box 20177
Albuquerque, NM 87154
(505) 830-6563

Timothy R. Briggs, Esq.
Matthew S. Rappaport, Esq.
MILLER STRATVERT PA
Attorneys for Plaintiff FedEx
P.O. Box 25687
Albuquerque, NM 87125-0687
(505) 842-1950

WITNESS the Honorable _____ABIGAIL ARAGON_____, district judge of the Fourth Judicial District Court of the State of New Mexico, and the seal of the district court of Guadalupe County, this 3rd day of ~~March~~ April 2012.

Fred A. Sena
Clerk of Court
By Brenda Campos
Deputy

Dated: 4-3-2012

STATE OF NEW MEXICO
COUNTY OF GUADALUPE
FOURTH JUDICIAL DISTRICT COURT

ENDORSED
Fourth Judicial District Court
San Miguel, Mora & Guadalupe

APR 3 2012

Fred A. Sena
BLC
Deputy Clerk

ALONZO GLEASON and
FEDEX FREIGHT, INC. a foreign corporation
doing business in New Mexico,

    Plaintiffs,

vs.       No. D-424-CV-2012-24

VICTOR SAVINE, personally and as an agent and
Representative of Sparkling Snow, Inc., OLEH YURLYOVYCH
SICHKAR, personally and as an agent and Representative
of Sparkling Snow, Inc and SPARKLING SNOW, INC.,
a foreign corporation doing business in New Mexico,

    Defendants.

## COMPLAINT FOR PERSONAL INJURY AND PROPERTY DAMAGE

COME NOW Plaintiff Alonzo Gleason (hereinafter "Mr. Gleason"), by and through his counsel, FRAZIER LAW FIRM (William E. Frazier) and Plaintiff FedEx Freight, Inc. (hereinafter ("FedEx") , through its counsel, Miller Stratvert P.A. (Timothy R. Briggs and Matthew S. Rappaport), and for their Complaint, state as follows:

### PARTIES, JURISDICTION AND VENUE

1. The events that form the subject matter of this Complaint occurred on or about February 19, 2010 on eastbound Interstate 40 in Guadalupe County, New Mexico.

2. Mr. Gleason is a resident of the State of Texas.

3. FedEx is an Arkansas corporation with its principal place of business in Harrison, Arkansas.

4. Upon information and belief, Defendant Victor Savine is a resident of Ontario, Canada.

5. Upon information and belief, Defendant Oleh Sichkar is a resident of Ontario, Canada.

6. Upon information and belief, Defendant Sparkling Snow, Inc. is a corporation located in Richmond Hill, Ontario, Canada.

7. This Court has jurisdiction over the parties to and subject matter of this action, and venue is properly laid in Guadalupe County, New Mexico.

## FACTS COMMON TO ALL COUNTS

8. The foregoing paragraphs numbered 1 through 7 are incorporated herein by reference as though fully set forth herein.

9. On or about February 19, 2010, Mr. Gleason was employed as a tractor-trailer driver for FedEx.

10. FedEx owned the tractor/trailer.

11. At the time of the incident complained of herein, Mr. Gleason was driving the tractor-trailer rig owned by FedEx eastbound on Interstate 40 near milepost 263.

12. At the time of the incident, Defendants Savine and Sichkar were employees and agents of Defendant Sparkling Snow, Inc. and were working as tractor-trailer drivers for Sparkling Snow, Inc.

13. At the time of the incident, Defendant Savine had either stopped the tractor-trailer he was driving in the eastbound lanes of Interstate 40 or was driving at an extremely slow speed.

14. Because of Defendant Savine's act of stopping on the highway or driving extremely slowly, Mr. Gleason suddenly and without warning came upon the rear

of the truck being operated by Defendant Savine and did not have adequate time to avoid colliding with the rear of the Sparkling Snow, Inc. tractor-trailer.

15. Defendant Sichkar was the co-driver of the Sparkling Snow vehicle being operated by Defendant Savine.

16. Upon information and belief, Defendant Sichkar did not take any steps to assure the Public, including Plaintiffs FedEx and Gleason, that Defendant Savine operated the vehicle in a safe and prudent manner.

17. It was dark at the time of the collision.

18. Mr. Gleason had no time to react and apply his brakes prior to the collision.

19. Mr. Gleason was operating his tractor-trailer in a safe and prudent manner at or below the posted speed limit.

20. The difference in speeds at which the two vehicles were traveling, if the Sparkling Snow, Inc. tractor-trailer was moving at all, caused a violent collision that crushed the front of the tractor driven by Mr. Gleason, exposing the entire engine, bending the truck frame upward, and trapped Mr. Gleason in the crushed cab of his truck.

21. As a direct and proximate result of Defendants Savine's and Sichkar's breach of their duties, and therefore the negligence of Defendants Savine and Sichkar, Mr. Gleason suffered damages including, but not limited to, bodily injuries, past and future pain and suffering, past and future impairment, past and future medical expenses, and past and future wage losses and earning capacity.

22. As a direct and proximate result of Defendants Savine's and Sichkar's breach of their duties, and therefore the negligence of Defendants Savine and Sichkar,

Plaintiff FedEx suffered damages including, but not limited to, the total loss of the tractor-trailer driven by Mr. Gleason at the time of the incident.

23. All injuries and damages suffered by Mr. Gleason, as well as all damage to the FedEx tractor-trailer, were a direct result of the negligent actions or inactions of the Defendants.

24. Defendants' conduct was malicious, willful, reckless, and/or wanton warranting an award of punitive damages.

## COUNT I: NEGLIGENCE

25. The foregoing paragraphs numbered 1 through 24 are incorporated herein by reference as though fully set forth herein.

26. Defendant Savine had a duty to exercise ordinary care for the safety of the person and the property of others.

27. Defendant Sichkar had a duty to exercise ordinary care for the safety of the person and the property of others.

28. Defendant Savine had a duty to at all times exercise ordinary care in the operation of the tractor-trailer he was driving for Defendant Sparkling Snow, Inc.

29. Defendant Sichkar had a duty to at all times exercise ordinary care in his duties as co-driver of the tractor-trailer operated by Defendant Savine for Defendant Sparkling Snow, Inc.

30. Defendants Savine and Sichkar had a duty to keep a proper lookout and to maintain proper control of the tractor-trailer at all times so as to avoid placing the traveling public, including Plaintiffs FedEx and Gleason or others, in danger and to prevent an accident.

31. Defendants Savine and Sichkar breached each and every duty set forth above and failed to use ordinary care in operating the tractor-trailer they were operating at the time of the incident herein.

32. Defendants Savine's and Sichkar's breach of said duties, including their duty of ordinary care, were the direct and proximate cause of the damages sustained by Plaintiffs.

33. Defendants thus are liable for the damages alleged herein by Plaintiffs.

34. Defendants' conduct was malicious, willful, reckless, and/or wanton warranting an award of punitive damages.

## COUNT II: NEGLIGENCE PER SE

35. The foregoing paragraphs numbered 1 through 34 are incorporated herein by reference as though fully set forth herein.

36. There were certain statutes, rules, and regulations in place at the time of the incident that prescribed certain actions or defined a standard of conduct, either explicitly or implicitly, that applied to all of the Defendants.

37. All Defendants violated the applicable statutes, rules, and/or regulations.

38. Mr. Gleason and FedEx were in the class of persons sought to be protected by the statutes, rules, and/or regulations.

39. The injuries suffered by Mr. Gleason and FedEx are of the type the applicable statutes, rules, and/or regulations were intended to prevent.

40. Defendants therefore were negligent per se and are liable to Plaintiffs FedEx and Gleason for all damages alleged herein.

## COUNT III: AGENCY/RESPONDEAT SUPERIOR

41. The foregoing paragraphs numbered 1 through 40 are incorporated herein by reference as though fully set forth herein.

42. At all times relevant to this Complaint, Defendants Savine and Sichkar were acting as agents, servants and/or employees of Defendant Sparkling Snow, Inc. The relationship between Defendants Savine and Sichkar was one of principal and/or employee/employer.

43. Defendants Savine and Sichkar were acting within the scope of their agency and employment relationship and the principal and employer, Defendant Sparkling Snow, Inc., had the right to control and exercise actual control over the manner in which Defendants Savine's and Sichkar's work was to be performed at the time of the incident.

44. Defendant Sparkling Snow, Inc. is liable to Mr. Gleason and FedEx for the wrongful acts or omissions of its agents and employees, including the wrongful acts and omissions of Defendants Savine and Sichkar at the time of the incident.

45. Defendant Sparkling Snow, Inc. is liable for all injuries suffered and damaged sustained by Mr. Gleason and FedEx.

## COUNT IV: NEGLIGENT HIRING AND TRAINING

46. The foregoing paragraphs numbered 1 through 45 are incorporated herein by reference as though fully set forth herein.

47. Defendant Sparkling Snow, Inc. had a duty to exercise ordinary care in the hiring and training of Defendants Savine and Sichkar to operate its tractor-trailers.

48. Defendant Sparkling Snow, Inc. breached said duty, which breach of duty was the direct and proximate cause of the incident and Plaintiffs' damages alleged herein.

49. Defendant Sparkling Snow, Inc. is jointly and severally liable to Mr. Gleason and FedEx for the damages they suffered as a result of this incident.

WHEREFORE, Plaintiffs prays for judgment against Defendants, jointly and severally, in an amount to be determined at trial, to include compensatory damages, punitive damages, costs of this action, pre-judgment and post judgment interest, attorney fees, and for any other relief that the court may deem just and proper.

Respectfully submitted,

*/s/ William Frazier*

William Frazier, Esq.
FRAZIER LAW OFFICE
Attorney for Plaintiff Alonzo Gleason
P.O. Box 20177
Albuquerque, NM 87154
(505) 830-6563

*/s/ Timothy R. Briggs*

Timothy R. Briggs, Esq.
Matthew S. Rappaport, Esq.
MILLER STRATVERT PA
Attorneys for Plaintiff FedEx
P.O. Box 25687
Albuquerque, NM 87125-0687
(505) 842-1950

7

STATE OF NEW MEXICO
COUNTY OF GUADALUPE
FOURTH JUDICIAL DISTRICT COURT

ENDORSED
Fourth Judicial District Court
San Miguel, Mora & Guadalupe

APR 3 2012

ALONZO GLEASON and
FEDEX FREIGHT, INC. a foreign corporation
doing business in New Mexico,

Fred A. Sena
BLC
Deputy Clerk

    Plaintiffs,

vs.        No.

VICTOR SAVINE, personally and as an agent and
Representative of Sparkling Snow, Inc., OLEH YURLYOVYCH
SICHKAR, personally and as an agent and Representative
of Sparkling Snow, Inc and SPARKLING SNOW, INC.,
a foreign corporation doing business in New Mexico,

    Defendants.

## DEMAND FOR JURY TRIAL

  COME NOW the plaintiffs and hereby demand a trial by jury of six persons of any issue triable of right.

          Respectfully submitted,

          */s/ William Frazier*
          William Frazier, Esq.
          FRAZIER LAW OFFICE
          Attorney for Plaintiff Alonzo Gleason
          P.O. Box 20177
          Albuquerque, NM 87154
          (505) 830-6563

          */s/*
          Timothy R. Briggs, Esq.
          Matthew S. Rappaport, Esq.
          MILLER STRATVERT PA
          Attorneys for Plaintiff FedEx
          P.O. Box 25687
          Albuquerque, NM 87125-0687
          (505) 842-1950