## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ALONZO GLEASON and
FEDEX FREIGHT, INC. a foreign corporation
doing business in New Mexico,

        Plaintiffs,                           No. CIV 12-437 CEG-KBM

v.

VICTOR SAVINE, personally and as an agent and
representative of Sparkling Snow, Inc., OLEH
YURLYOVYCH DEFENDANT SICHKAR, personally and as
an agent and representative of Sparkling Snow, Inc.
and SPARKLING SNOW, INC., a foreign corporation
doing business in New Mexico,

        Defendants.

## <u>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT OLEH SICHKAR'S MOTION FOR SUMMARY JUDGMENT</u>

**THIS MATTER** is before the Court on Defendant Oleh Y. Sichkar's *Motion for Summary Judgment* ("Motion") filed September 20, 2013, (Doc. 71); *Plaintiff FedEx Freight, Inc.'s Response to Defendant Oleh Sichkar's Motion for Summary Judgment* filed October 18, 2013, (Doc. 82) and *Plaintiff Alonzo Gleason's Response to Defendant Oleh Sichkar's Motion for Summary Judgment* filed October 18, 2013, (Doc. 83)[1] (collectively the "Response"); and *Defendant's Reply to Plaintiffs' Opposition to Defendant's Motion for Summary Judgment* ("Reply") filed November 1, 2013, (Doc. 86).

After carefully considering the filings and the record, the Court orders that Defendant Sichkar's Motion be granted in part, and denied in part.

---

[1] Plaintiff Gleason adopted and incorporated Plaintiff FedEx Freight Inc.'s Response as his own. (Doc. 83). The Court will collectively refer to them as the "Response," and treat them as a unified brief.

I.     **Background**

A.     _Procedural History_

On April 3, 2012, Plaintiffs filed their initial complaint against Defendants in the State of New Mexico County of Guadalupe Fourth Judicial District. (Doc. 1). The case was removed to this Court by Defendants. (Doc. 1). Plaintiffs subsequently filed their _First Amended Complaint for Personal Injury and Property Damage_ ("Amended Complaint") on February 26, 2013, presenting theories of negligence and negligence _per se_ against Defendant Sichkar. (Doc. 29). Defendants answered the Complaint on March 5, 2013. (Doc. 30).

B.     _Facts_

This case arises from a collision of two tractor-trailers, one owned by Plaintiff FedEx Freight, Inc. ("FedEx") and the other owned by Defendant Sparkling Snow, Inc. ("Sparkling Snow"). On the morning of February 19, 2010, Defendant Sichkar and Defendant Savine were operating or otherwise occupying the Sparkling Snow truck, heading eastbound on Interstate 40 in Guadalupe County, New Mexico. (Doc. 29 at 2; Doc. 30 at 1; Doc. 71 at Ex. A, 1). Plaintiff Gleason was driving the FedEx truck, and also traveling eastbound on Interstate 40, in the same general vicinity. (Doc. 29 at 2; Doc. 30 at 1; Doc. 71 at Ex. A, 1). At around 5:30 a.m. Mountain Standard Time ("MST"), the front of the FedEx truck impacted and collided with the rear of the Sparkling Snow truck. (Doc. 29 at 2; Doc. 30 at 1; Doc. 71 at Ex. A, 1).

The parties agree that Defendant Sichkar and Defendant Savine were co-drivers of the tractor-trailer rig owned by Sparkling Snow, but disagree about who was operating the vehicle at the time of the collision and the nature of the "co-driving arrangement." (Doc. 71-1 at 3, Doc; 82 at 3). Defendants assert that Defendant Savine

was operating the Sparkling Snow truck and Defendant Sichkar was asleep in the tractor's sleeper berth when the collision occurred. (Doc. 30 at 3; Doc. 71-1 at 5, Ex. A). Plaintiffs maintain that some evidence suggests Defendant Sichkar was actually driving the Sparkling Snow truck at the accident, or may have been awake. (Doc. 82 at 3). Defendants claim that shortly before the accident, Defendant Savine stopped the Sparkling Snow Truck on the side of Interstate 40, with his hazard lights on, to investigate a sound or vibration. (Doc. 71-1 at 2). Defendants allege that after Defendant Savine completed his investigation, he merged the Sparkling Snow truck from the side of the highway back into the eastbound travel lane of Interstate 40, and the collision between the FedEx and Sparkling Snow trucks occurred. (Doc. 71-1 at 2). Both parties agree that speed differential between the trucks played a role in causing the crash. (Doc. 29 at 3; Doc. 30 at 4).

## II.   Analysis

Defendant Sichkar contends that he is entitled to summary judgment on Plaintiffs' negligence and negligence *per se* claims. Defendant Sichkar argues that he did not owe Plaintiffs a duty because he was not the driver of the Sparkling Snow Truck at the time of the accident, and that if he did have any duties as a passenger then he did not breach them. (Doc. 71). He also maintains that he did not violate any statutes, rules, or regulations which would give rise to Plaintiffs' negligence *per se* claim, but that if he did, such violations were not the cause of the accident. (Doc. 71). Plaintiffs oppose the Motion, and allege that a question of fact exists as to whether Defendant Sichkar was actually driving the Sparkling Snow truck at the time of the accident. (Doc. 82 at 3) (citing Doc. 82 at Ex. 6). Plaintiffs further respond that Defendant Sichkar had various duties to Plaintiffs, which he breached, and was the cause of the accident and Plaintiffs'

3

damages. (Doc. 82). Plaintiffs also maintain that Defendant Sichkar was negligent *per se* because he violated several regulations under the Federal Motor Carrier Safety Regulations ("Regulations"), and asks the Court to deny Defendant's request for relief because it is too soon for the Court to address those claims. (Doc. 82 at 12).

A.   *Standard of Review*

The court shall grant summary judgment only if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is material if it might affect the outcome of the case under the governing substantive law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue is genuine if the evidence is such that a reasonable jury could resolve the issue in favor of the nonmoving party. *Id.* A movant who does not bear the burden of persuasion at trial, such as Defendant Sichkar, need not negate the nonmovant's claim. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Such a movant only bears the burden of making a prima facie demonstration that there is no genuine issue of material fact, and may do so by pointing out a lack of evidence on an essential element of the nonmovant's claim. *Adler v. Wal–Mart Stores, Inc.,* 144 F.3d 664, 670–71 (10th Cir.1998) (citing *Celotex Corp.,* 477 U.S. at 323, 325).

If the moving party has demonstrated an absence of material fact, then the "nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587(1986) (internal quotations omitted). The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find

4

for the nonmoving party on that issue. *See Anderson,* 477 U.S. at 249. The nonmovant

must go beyond the allegations and denials of his pleadings and provide admissible

evidence, which the Court views in the light most favorable to him. *Panis v. Mission Hills*

*Bank, N.A.,* 60 F.3d 1486, 1490 (10th Cir.1995).  To accomplish this, the facts must be

identified by reference to affidavits, deposition transcripts, or specific exhibits

incorporated therein. *See Adler*, 144 F.3d at 670-71.

   B.   *Negligence*

   Plaintiffs contend that Defendant Sichkar breached various duties he owed to

Plaintiffs, which was the direct and proximate cause of damages sustained by Plaintiffs

as a result of the collision. (Doc. 29 at 4–5). Defendant Sichkar denied these allegations

in the Amended Complaint, and argues in his Motion that he did not owe any such

duties to Plaintiffs, and even if he did, that he did not breach them. (Doc. 71).

   The general rule in New Mexico is that "a negligence claim requires the existence

of a duty from a defendant to a plaintiff, breach of that duty, which is typically based

upon a standard of reasonable care, and the breach being a proximate cause and

cause in fact of the plaintiff's damages." *Herrera v. Quality Pontiac*, 73 P.3d 181, 185–

86 (N.M. 2003). "Negligence is generally a question of fact for the jury." *Id*. The initial

inquiry into "[w]hether a duty exists is a question of law for the courts to decide." *Id*. at

186. The "question of breach . . . is a factual one that is typically left to a jury, except in

rare cases where the evidence is susceptible to only one possible inference." *Carl v.*

*City of Overland Park, Kan*., 65 F.3d 866, 869 (10th Cir. 1995).

   Plaintiffs claim in the Amended Complaint that Defendant Sichkar had the

following duties to Plaintiffs: (i) a duty to exercise ordinary care for the safety of the

person and property of others, (ii) a duty to exercise ordinary care as co-driver of the tractor-trailer, and (iii) a duty to keep a proper lookout and maintain proper control of the Sparkling Snow truck at all times so as to avoid placing the traveling public in danger and prevent an accident. (Doc. 29 at 4–5). Defendant Sichkar moves the Court to hold that he is entitled to judgment as a matter of law as to Plaintiffs' negligence claim because Defendant Sichkar did not owe Plaintiffs any such duties as a sleeping passenger in the vehicle.

In New Mexico, a negligent actor only owes a duty to those whose injuries are a foreseeable result of the negligent act. *C.H. v. Los Lunas Sch. Bd. Of Educ.*, 852 F. Supp.2d 1344, 1355 (D.N.M. 2012). However, a duty will only exist if the defendant's obligation is one that is also recognized by law. *Mosley v. Titus*, 762 F.Supp. 2d 1298, 1320 (D.N.M. 2010). Courts must decide whether a duty is recognized by considering legal precedent, statutes, and other principles of law. *Id.*, at 1321. Defendant Sichkar claims that as a sleeping passenger of the Sparkling Snow truck, his conduct did not create a foreseeably broader zone of risk that posed a general threat of harm to others. (Doc. 71-1 at 7). He further directs the Court to case law which he contends is conclusive that passengers in motor-vehicle accidents owe no duty to third parties.[2] (Doc. 71-1 at 8). (citing *Moya,* 88 N.M. at 567–68; *Mountain West Farm Bureau Mut. Ins. Co. v. Hunt*, 82 F. Supp. 2d 1261, 1267 (D. Wy. 2000); *Dennison v. Klotz*, 12 Conn. App. 570, 578 (Conn. App. Ct. 1987)).

Therefore, all of Defendant Sichkar's arguments that he is entitled to judgment as a matter of law are predicated on the assumption that he was a sleeping passenger,

---

[2] The duty owed by a passenger to a third party in a motor-vehicle collision in New Mexico is not as defined as Defendant Sichkar would have the Court believe. However, the Court acknowledges that the the duties of a driver and passenger are vastly different, and that a passenger is generally held to a lesser standard of care. *See e.g. Moya v. Warren*, 88 N.M. 565 (N.M. Ct. App. 1975).

who had no role or involvement in the operation of the Sparkling Snow truck in the moments leading up to the collision. (Doc. 71-1 at 7). He points out that the majority of the evidence in the record supports that conclusion. (Doc. 86 at 2). Such evidence includes a New Mexico State Police report, the Drive/Vehicle Examination Report by the New Mexico Department of Public Safety ("DPS"), Defendant Savine's Affidavit, Defendant Sichkar's Affidavit, the driver logs Defendants Sichkar and Savine separately maintained pursuant to Section 395.8 of the Regulations, and Defendant Sichkar's deposition testimony. (Doc. 71-1 at Ex. A at 1, 3, 7; Ex. B, ¶¶3–4; Ex. C, ¶¶2–3, Ex. D; Ex. E; Doc. 86 at Ex. 1).

Plaintiffs direct the Court to conflicting evidence showing that Defendant Sichkar was driving the Sparkling Snow truck at the time of the collision. (Doc. 82 at 3). This evidence takes the form of an insurance adjuster's report written several days after the accident. (Doc. 82 at 2, 4) (citing Doc. 82 at Ex. 6). The report indicates that the adjuster was tasked with photographing and investigating "an accident involving Oleh Sich[k]ar." (Doc. 81 at Ex. 6 at 1). In describing the accident, the adjuster wrote: "[a]pparently there was an (sic) tractor and trailer driven by Oleh Sichkar with another associate on I-140 (150- 170) miles from Albuquerque, N.M. going eastbound near Santa Rosa, N.M." (Doc. 82 at Ex. 6 at 2). The report also makes frequent mention of the "insured driver," and never identifies Defendant Savine by name or discusses any further role of the "associate."

The report is not accompanied by any authenticating information.  It is unsigned, and appears to have been written by a Cunningham & Lindsey adjuster for the benefit of Markel Insurance Company of Canada. The adjuster does not make clear who he was with during his investigation, despite making reference to another person(s) as co-

investigator(s); nor does he indicate who he spoke with or from whom he gathered his information about the collision. The Court has doubts that the report, as introduced in the Response, or the content therein, would be admissible at trial. However, Defendant Sichkar never moved to strike the report from summary judgment consideration, nor did he address the report directly in his Reply, so the report must be part of the evidence before the Court regardless of whether it is properly admissible at trial. *See Thrasher v. B & B Chem. Co.*, 2 F.3d 995, 998 (10th Cir. 1993).

Defendant Sichkar has pointed to ample evidence showing Defendant Savine was the driver of the truck. However, Plaintiffs have presented conflicting evidence, demonstrating that Defendant Sichkar was actually the driver, which it must consider and view in the light most favorable to Plaintiffs. *Panis*, 60 F.3d at 1490. The Court finds that this is not a rare instance where the evidence is susceptible to only one possible inference.

The extent of the duties of a driver and passenger of a vehicle to a third party are vastly different, because a passenger is generally held to a lesser standard of care. *See e.g. Moya v. Warren*, 88 N.M. 565 (N.M. Ct. App. 1975). The Court cannot determine what legal duties Defendant Sichkar owed or did not owe as long as a question of fact remains as to his status as driver or passenger at the time of the crash. The arguments made to the Court by Defendant Sichkar rest on the assumption that it is undisputed that he was a sleeping passenger in the vehicle. The Court finds that a factual dispute exists between the parties, which is material to the outcome of this case, and is one to be left to the jury. For this reason the Court will not grant Defendant Sichkar relief as to the negligence claim.

C.      *Negligence* Per Se

Plaintiffs contend that Defendant Sichkar was negligent *per se* by violating "certain statutes, rules, and regulations." (Doc. 29 at 5–6). The Amended Complaint is not clear as to the specific statutory and regulatory Defendant Sichkar violated.

The only information the Court has is contained in Plaintiffs' Response. Plaintiffs Response claims that Defendant Sichkar is negligent *per se* for violating Sections 391.11(b)(2) and 392.7 of the Regulations, the English-language requirement and the pre-inspection provision, respectively. (Doc. 82 at 11–12).  (Doc. 71-1 at 11) (citing Doc. 71 at Ex. F).

The required elements of a claim for negligence *per se* are: (i) there is a statute which prescribes certain actions or defines a standard of conduct; (ii) the defendant violates the statute; (iii) the plaintiff is in the class of persons sought to be protected by the statute; and (iv) the harm or injury to the plaintiff is generally of the type that the legislature, through the statute, sought to prevent. *Castillo v. United States*, 552 F.2d 1385, 1388 (10th Cir. 1977); *Archibeque v. Homrich*, 543 P.2d 820, 825 (N.M. 1975).

First, Plaintiffs claim that Defendant Sichkar was negligent *per se* because he violated 49 C.F.R. Section 391.11(b)(2). That regulation imposes on all "qualified" commercial drivers the ability to speak the English language sufficiently to converse with the general public, understand highway traffic signs and signals in the English language, to respond to official inquiries, and to make entries on reports and records. 49 C.F.R. § 391.11(b)(2). Plaintiffs contend that they have a *prima facie* claim against Defendant Sichkar because, (i) Defendant Sichkar violated Section 391.11(b)(2) by being unable to effectively communicate in English, (ii) Plaintiffs were among the class sought to be protected by that regulation, and (iii) Plaintiff FedEx suffered a type of

harm the regulation sought to prevent. (Doc. 82 at 11). Plaintiffs do not cite to any evidence in the record for support of this claim.

 Defendant Sichkar contends that there is no evidence he violated Section 391.11(b)(2). (Doc. 86 at 9). Defendant Sichkar further argues that even assuming his English is deficient by the standards of Section 391.11(b)(2), Plaintiffs have not presented any evidence or reasonable inferences which suggest his lack of English proficiency in any way caused or contributed to the collision. (Doc. 71-1 at 11–12). The Court does not find any evidence cited by Plaintiffs to show that Defendant Sichkar's English-language skills are so deficient to violate the Regulations. The Court also finds that Plaintiffs have not demonstrated the existence of any evidence from which to infer that Defendant Sichkar's alleged lack of fluency in English somehow contributed to the collision. Therefore, in the absence of any connection between Defendant Sichkar's alleged lack of English skills and Plaintiffs' injury, no genuine issue is presented for trial. *See King v. Fierro Trucking, Inc.*, 2008 U.S. Dist. LEXIS 24785, *16 (N.D. Ind. 2008).

 Plaintiffs also respond that Defendant Sichkar violated 49 C.F.R. Section 392.7 because he failed to conduct proper pre-trip inspections in the days leading up to the accident. (Doc. 82 at 12). Plaintiffs explain that Defendant Sichkar failed to note the brakes on two of the Sparkling Snow truck's axles were severely out of alignment, violating the safety regulation that was intended to prevent accidents of the type that occurred. (Doc. 82 at 12). Plaintiffs point out that the New Mexico DPS Officer who arrived at the scene of the crash removed the Sparkling Snow truck from service immediately following the collision because the truck's brakes were found to be out of adjustment by a total of 20 percent. (Doc. 82 at 4) (citing Doc. 82 at Ex. 2). According to

Plaintiffs, the state of the brakes "was not caused by the crash, and would have been visible to anyone inspecting the rig in the days before the crash." (Doc. 82 at 5).

Defendant Sichkar replies that the claim is without merit because there is no evidence that the truck's brakes were out of alignment prior to the accident, and the Defendant in fact performed proper pre-trip inspections. (Doc. 86 at 11) (citing Doc. 71 at Ex. 5). Indeed, Plaintiffs have not presented any evidence to the Court that the brakes were out of alignment before the crash, that the brakes were a cause of the accident, or that Defendant Sichkar failed to perform pre-trip inspections in compliance with the Regulations. The DPS Officer's report, which is the only evidence put before the Court, actually shows otherwise. The DPS report indicates that after the accident, the officer cited the Sparkling Snow truck for eight different violations, including violations of Section Code 396.3(a)(1), which encompassed the misalignment of the brakes. The report notes specifically, with regards to the Section 396.3(a)(1) violation, "[c]ab body and engine compartment totaled; severe damages to all bod engine, electrical frame and mechanical components *due to crash*." (Doc. 82 at Ex. 2 at 2) (emphasis added). Therefore, the only evidence presented to the Court in support of Plaintiffs' allegation is actually conclusive that the brake misalignment was caused by the crash.

Defendant Sichkar has shown that Plaintiffs have presented no material facts that Defendant Sichkar violated 49 C.F.R. Section 392.7. The evidence shows that brakes were not out of alignment until after the crash. Plaintiffs have not responded with sufficient evidence to support their claim, instead relying on bare allegations and conclusory statements. The Court finds that Plaintiffs have failed to meet their burden,

and that no genuine issue of material fact exists as to the claim that Plaintiff violated 49 C.F.R. Section 392.7.

The Court has reviewed the arguments and evidence that Defendant Sichkar was negligent *per se* by violating 49 C.F.R. Sections 391.11(b)(2) and 392.7. The Court finds that Defendant Sichkar has shown there is no genuine issue of material fact as to these claims, and Plaintiffs have failed to come forward with specific facts showing the existence of some genuine issue for trial. Therefore, the Court shall grant summary judgment in Defendant Sichkar's favor as to Plaintiffs' negligence *per se* claims.

## III.   Conclusion

For the reasons outlined above, Defendant Oleh Y. Sichkar's *Motion for Summary Judgment* (Doc. 71) is **GRANTED** in part and **DENIED** in part.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE